IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FILIMON RESENDEZ, #R33877,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 20-cv-00496-SMY |
| ) | |
| **WEXFORD HEALTH CARE SERVICES,** ) | |
| **LORI CUNNINGHAM,** ) | |
| **L. PITTMAN,** ) | |
| **S. STOVER,** ) | |
| **MENARD CORRECTIONAL CENTER,** ) | |
| **and STATEVILLE CC,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Filimon Resendez, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He asserts violations of the Eighth Amendment and seeks monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### Preliminary Dismissals

Plaintiff has named Menard Correctional Center ("Menard") and Stateville Correctional Center ("Stateville") as Defendants. However, these are state government agencies not subject to suit for money damages under § 1983. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (holding the state and state agencies are not subject to suit under Section 1983 for money damages).

different defendants arising from separate transactions or occurrences, they cannot proceed together in the same lawsuit.  *See* Fed. R. Civ. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

For the above-stated reasons and because Plaintiff is in the best position to decide which claims he intends to pursue, the Complaint will be dismissed without prejudice and with leave to amend.

## Disposition

Defendants Menard Correctional Center and Stateville Correctional Center are **DISMISSED with prejudice**.  The remainder of Plaintiff's Complaint is **DISMISSED without prejudice**.  Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **NOVEMBER 30, 2020**.  The First Amended Complaint will be subject to review pursuant to 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District.  He should label the form "First Amended Complaint" and use the case number for this action (No. 20-cv-00496-SMY).  Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions.  An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording*

*Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  Therefore, the Court will not accept piecemeal amendments to the original Complaint – the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.  To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail him a civil rights complaint form.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal will count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:  October 30, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**