IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FILIMON RESENDEZ, #R33877, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | Case No. 3:20-cv-00496-SMY |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| L. PITTMAN, | ) | |
| JOHN/JANE DOES 1-12, and | ) | |
| DEANNA BROOKHART, in her official | ) | |
| capacity as the WARDEN OF LAWRENCE | ) | |
| CORRECTIONAL CENTER, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Filimon Resendez, an inmate of the Illinois Department of Corrections currently incarcerated at Lawrence Correctional Center ("Lawrence"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He asserts violations of the Eighth Amendment and seeks injunctive relief and monetary damages. (Doc. 12).

This case is now before the Court for preliminary review of the First Amended Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 12): Plaintiff suffers from dysuria (painful urination) and clavicular head displacement. He has suffered from dysuria since 2005 and the clavicular head displacement resulted from a

1

weightlifting injury in November 2018.  Since his incarceration at Lawrence, Plaintiff has sought

medical treatment for both conditions and there has been no satisfactory resolution of his issues.

Plaintiff's medical conditions are beyond the skill, knowledge, and expertise of Dr. Pittman

and her staff and he needs to be seen by specialists.  Dr. Pittman either failed to make referrals to

specialists or made referrals to specialists and the requests were denied by John/Jane Does 1-12 of

Wexford Health Sources, Inc's collegial review.  Wexford and its collegial review members have

a practice/policy of denying access to specialist and medically necessary care.  The denial of

medically necessary consultations, procedures, and testing puts inmates such as Plaintiff's health

at risk.  Wexford's collegial review denied 2,124 referrals in 2019.  IDOC OHS Deputy Chiefs'

review of 3 % of those denials resulted in a 77% reversal.

Based on the allegations in the First Amended Complaint, the Court designates the

following claims:

> **Count 1:**   **Eighth Amendment claim against Wexford, Dr. Pittman, and John/Jane Does 1-12 for deliberate indifference to Plaintiff's serious medical needs by denying medical treatment by a specialist for Plaintiff's dysuria.**

> **Count 2:**   **Eighth Amendment claim against Wexford, Dr. Pittman, and John/Jane Does 1-12 for deliberate indifference to Plaintiff's serious medical needs by denying medical treatment by a specialist for Plaintiff's clavicular head displacement.**

The parties and the Court will use this designation in all future pleadings and orders, unless

otherwise directed by a judicial officer of this Court.  Any other claim that is mentioned in the

First Amended Complaint but not addressed in this Order should be considered dismissed without

prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Discussion**

**Counts 1 and 2**

Prison medical providers violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *See Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant was deliberately indifferent to his medical needs. *Id. See also Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A failure to refer a prisoner to a specialist may constitute deliberate indifference if the choice is "blatantly inappropriate." *See Pyles v. Fahim*, 771 F.3d 403, 411 (7th Cir. 2014).

Plaintiff states colorable claims for deliberate indifference in Counts 1 and 2 against Dr. Pittman and John/Jane Does 1-12. Additionally, Plaintiff states a colorable claim in Counts 1 and 2 against Wexford that medical care was denied as a result of Wexford policies and practices. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference if it had a policy or practice that caused the violation).

**Injunctive Relief**

Because the First Amended Complaint includes a request for injunctive relief, Deanna Brookhart, Warden of Lawrence Correctional Center, in her official capacity, will be added as a Defendant. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding warden is proper defendant for injunctive relief claim as he would be responsible for ensuring that any injunctive relief would be carried out).

**John/Jane Doe Defendants**

Plaintiff is responsible for conducting discovery (informal or formal) aimed at identifying

the Doe Defendants. Guidelines for discovery will be set by the undersigned judge.  Once the names of the unknown defendants are discovered, Plaintiff shall file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the First Amended Complaint.

## Disposition

The First Amended Complaint (Doc. 12) states colorable claims in Counts 1 and 2 against Wexford Health Sources, Inc., Dr. Pittman, and John/Jane Does 1-12.

The Clerk of Court is **DIRECTED**  to **ADD** Deanna Brookhart in her official capacity as the Warden of Lawrence Correctional Center as a defendant for purposes of Plaintiff's request for injunctive relief.

The Clerk of Court shall prepare for **WEXFORD HEALTH SOURCES, INC., L. PITTMAN, DEANNA BROOKHART, Warden of Lawrence Correctional Center (official capacity only), and, once identified, John/Jane Does 1-12**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 10), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as

directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the Doe Defendants until such time as Plaintiff has identified them by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for the Doe Defendants.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the First Amended Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: March 15, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**


## Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your First Amended Complaint.  After service has been achieved, the Defendants will enter an appearance and file an Answer to your First Amended Complaint.  It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more.  When Defendants have filed Answers, the Court will enter a Scheduling and Discovery Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**