**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| FILIMON RESENDEZ, #R33877,      ) | |
|      ) | |
| **Plaintiff,**      ) | |
| vs.      ) | **Case No. 3:20-cv-00496-SMY** |
|      ) | |
| WEXFORD HEALTH SOURCES, INC.,      ) | |
| LYNN PITTMAN, D.O.,      ) | |
| HECTOR GARCIA, M.D.,      ) | |
| JOHN/JANE DOES #6-12,      ) | |
| SARAH JOHNSON,      ) | |
| ROB JEFFREYS,      ) | |
| LACIE LIVINGSTON,      ) | |
| ERIC ADAMSON,      ) | |
| CHRISTOPHER WALTZ, and      ) | |
| DEANNA BROOKHART,      ) | |
|      ) | |
| **Defendants.**      ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Filimon Resendez, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This case is now before the Court for review of the Second Amended Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Second Amended Complaint

Plaintiff makes the following allegations in the Second Amended Complaint (Doc 54): Plaintiff has suffered from dysuria (painful urination) since 2005. He suffered a right shoulder injury and was diagnosed with a clavicular head displacement in November 2018. Plaintiff has sought medical treatment for both conditions during his incarceration at Lawrence Correctional

1

Center.

Plaintiff complained about urinary issues to Dr. Pittman in October 2019. Although Dr. Pittman told him he did not have a urinary tract infection ("UTI"), she prescribed a medication for treatment of a UTI. Plaintiff complained to Dr. Pittman about urinary issues again in December 2019 and she prescribed a different medication for treatment of a UTI. Following an appointment in March 2021 for dysuria and chronic genital pain, a nurse practitioner recommended a urinalysis, sexually transmitted disease test, and a referral to a urologist. However, Plaintiff has not seen a urologist and continues to have dysuria and chronic genital pain.

Plaintiff complained to a nurse practitioner about pain and a lump in his right clavicle in February 2019. He complained that the lump in his right clavicle had hardened and was causing pain in his right shoulder in March 2019. Dr. Pittman diagnosed a right clavicular dislocation and decreased range of motion in October 2019 but did not refer Plaintiff to an orthopedic specialist for the clavicular dislocation. Plaintiff complained about a deformity to his right clavicle and pain to Dr. Pittman in January 2020 and she instructed him to perform stretches. Dr. Pittman referred Plaintiff for an orthopedic consultation in March 2020, which was approved by Dr. Garcia. However, the consult did not take place

An x-ray of Plaintiff's right shoulder revealed degenerative changes to the acromioclavicular joint in June 2020. He complained to a Wexford licensed practical nurse that the deformity in his right clavicle was getting bigger in July 2020 and he was referred to a Wexford doctor. He saw a nurse practitioner later in July 2020 for complaints of swelling in his right clavicle, enlargement, and a popping sensation with movement. Another x-ray was ordered which revealed crepitus and size difference at the acromioclavicular joint. A referral for an on-site ultrasound of the right clavicle was approved by Dr. Garcia in August 2020 and was performed in

September 2020. The ultrasound showed asymmetric soft tissue swelling over the right sternoclavicular region and possible soft tissue calcification over the right sternoclavicular joint. Wexford denied Plaintiff's request to be evaluated by an orthopedic specialist in September 2020.

Plaintiff filed a grievance in October 2019 regarding the failure to be seen by a medical professional for his genital pain and clavicle/shoulder injury. Defendants Johnson and Adamson responded that Plaintiff had not requested medical treatment for complaints of testicular pain and he was placed on the list to be seen. The grievance was denied in January 2020 because Plaintiff had been seen by Dr. Pittman in October 2019. Plaintiff filed a second grievance in November 2019 relating to medical treatment for his genital pain and clavicle/shoulder injury, including a denial of access to prescribed medication. Defendant Adamson received the grievance. The grievance was denied by Defendants Johnson and Jeffreys. Plaintiff filed a third grievance in February 2021 complaining of the continuing denial to be treated by a urologist for his genital pain and an orthopedist for his clavicle/shoulder injury.

Wexford has a practice/policy of denying access to specialist and medically necessary care. Wexford's policies prioritize cost to it over patient care. The denial of medically necessary consultations, procedures, and testing caused injury and damages to Plaintiff.

The following claims are designated in the Second Amended Complaint:

Count 1:    Eighth Amendment claim against Dr. Pittman for deliberate indifference to Plaintiff's serious medical needs by denying medical treatment by a specialist for Plaintiff's dysuria and clavicle and shoulder injury.

Count 2:    Eighth Amendment claim against Dr. Garcia for deliberate indifference to Plaintiff's serious medical needs by denying medical treatment by a specialist for Plaintiff's dysuria and clavicle and shoulder injury.

Count 3:    Eighth Amendment claim against Jane/John Does #7-12 for deliberate indifference to Plaintiff's serious medical needs by

3

denying medical treatment by a specialist for Plaintiff's dysuria and clavicle and shoulder injury.

Count 4:    Eighth Amendment claim against Wexford Health Sources, Inc. for deliberate indifference to Plaintiff's serious medical needs by denying medical treatment by a specialist for Plaintiff's dysuria and clavicle and shoulder injury.

Count 5:    Eighth Amendment claim against Sarah Johnson for deliberate indifference to Plaintiff's serious medical needs by denying medical treatment by a specialist for Plaintiff's dysuria and clavicle and shoulder injury.

Count 6:    Eighth Amendment claim against Rob Jeffreys for deliberate indifference to Plaintiff's serious medical needs by denying medical treatment by a specialist for Plaintiff's dysuria and clavicle and shoulder injury.

Count 7:    Eighth Amendment claim against Lorie Livingston for deliberate indifference to Plaintiff's serious medical needs by denying medical treatment by a specialist for Plaintiff's dysuria and clavicle and shoulder injury.

Count 8:    Eighth Amendment claim against Eric Adamson for deliberate indifference to Plaintiff's serious medical needs by denying medical treatment by a specialist for Plaintiff's dysuria and clavicle and shoulder injury.

Count 9:    Eighth Amendment claim against Christopher Waltz for deliberate indifference to Plaintiff's serious medical needs by denying medical treatment by a specialist for Plaintiff's dysuria and clavicle and shoulder injury.

Count 10:   Eighth Amendment claim against Deanna Brookhart for deliberate indifference to Plaintiff's serious medical needs by denying medical treatment by a specialist for Plaintiff's dysuria and clavicle and shoulder injury.

Any other claim that is mentioned in the Second Amended Complaint but not addressed in this

Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*

pleading standard.[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Discussion

### Counts 1-10

Prison staff and medical providers violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *See Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant was deliberately indifferent to his medical needs. *Id.* Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). The failure to refer a prisoner to a specialist may constitute deliberate indifference if the choice is "blatantly inappropriate." *Pyles v. Fahim*, 771 F.3d 403, 411 (7th Cir. 2014).

Plaintiff states a colorable claim for deliberate indifference in Count 1 against Dr. Pittman and in Count 4 against Wexford. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference if it had a policy or practice that caused the violation).

Plaintiff fails to state a deliberate indifference claim in Count 2 against Dr. Garcia and in Count 3 against Jane/John Does #7-12 (members of Wexford collegial review). The only factual

---

[1] Under "Nature of the Case," Plaintiff references state law claims for intentional infliction of emotional distress and negligence. There are, however, no further references to such claims and they are considered dismissed as inadequately pled.

allegations against Dr. Garcia are that he approved Dr. Pittman's referral for Plaintiff to be evaluated by an orthopedic specialist and that he approved the referral for an on-site ultrasound. Neither of these allegations suggest deliberate indifference by Dr. Garcia.  As such, Count 2 and Dr. Garcia will be dismissed.

Similarly, while there are abstract recitations of the elements of a cause of action and conclusory legal statements set forth under Count 3 against the Doe Defendants, there are no factual allegations against Jane/John Does #7-12.  Further, Jane/John Does #7-12 are improperly referred to as both members of the Wexford collegial review and Lawrence grievance officials. Under Federal Rule of Civil Procedure 8, a complaint must include a short, plain statement of the case against each individual.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2).  Identifying a group of individuals as a defendant is, therefore, improper. Further, to state a viable § 1983 claim, a plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right.  *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation").

While Plaintiff may refer to parties whose names are unknown as "John Doe" or "Jane Doe," he must still follow pleading standards and include a short, plain statement of the case against each individual.  He must describe each Doe Defendant, when he encountered each Doe Defendant, and the circumstances of the encounter.  He is required to identify the Doe Defendants as much as possible and at least distinguish between different Does. (For example, John Doe # 1 did X and John Doe # 2 did Y.).  Accordingly, Count 3 and Jane/John Does #7-12[2] will be dismissed.

[2] These defendants are also referred to as Jane/John Does #1-6 in the Motion for Leave to Amend Complaint and as Jane/John Does #6-12.

Plaintiff also fails to state a claim in Counts 5-9 against grievance officials Livingston, Adamson, Johnson, Jeffreys, and Waltz. "[T]he alleged mishandling of [a prisoner's] grievances by person who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).   Therefore, Counts 5-9 will be dismissed for failure to state a claim.

Finally, although Plaintiff's conclusory assertions pertaining to Count 10 suggest that Warden Brookhart was aware of Plaintiff's medical conditions and denied him medication and treatment, there are no factual allegations supporting these conclusions. *Twombly*, 550 U.S. at 570 (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."); *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) ("courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements").   Moreover, Warden Brookhart cannot be held liable simply based on her position as an administrator for the acts and/or omissions of IDOC or Wexford employees because there is no respondent superior or "supervisor liability" under 42 U.S.C. § 1983.  *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001).  Count 10 and the claim against Warden Brookhart individually will therefore be dismissed.

## Injunctive Relief

Deanna Brookhart, in her official capacity as Warden of Lawrence Correctional Center is the proper defendant for Plaintiff's injunctive relief claim.  *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding warden is proper defendant for injunctive relief claim as he would be responsible for ensuring that any injunctive relief would be carried out).

## Disposition

The Second Amended Complaint states colorable claims in Count 1 against Lynn Pittman,

7

D.O. and in Count 4 against Wexford Health Sources, Inc. The claims in Counts 2, 3, 5, 6, 7, 8, 9, and 10 and Defendants Hector Garcia, M.D. Jane/John Does #7-12, Sarah Johnson, Rob Jeffreys, Lacie Livingston, Eric Adamson, Christopher Waltz, and Deanna Brookhart (individual capacity) are **DISMISSED without prejudice**. Additionally, Jane/John Does #1-6 who were defendants in the First Amended Complaint but not in the Second Amended Complaint are also **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to **TERMINATE** Hector Garcia, M.D. Jane/John Does #1-12, Sarah Johnson, Rob Jeffreys, Lacie Livingston, Eric Adamson, and Christopher Waltz. Deanna Brookhart, Warden of Lawrence Correctional Center, shall remain a defendant in her official capacity only for the injunctive relief claim.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED: September 20, 2021

_s/ Staci M. Yandle_____
STACI M. YANDLE
United States District Judge